```
Anna Y. Park, SBN 164242
Sue J. Noh, SBN 192134
Rumduol Vuong, SBN 264392
Derek W. Li, SBN 150122
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov
        Anna.Park@eeoc.gov

Connie K. Liem, TX SBN 791113
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
555 West Beech St., Suite 504
San Diego, CA. 92101
Telephone: (619) 557-7282
Facsimile: (619) 557-7274
E-Mail: connie.liem@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
```

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MAURIZIO'S TRATTORIA ITALIANA, LLC, and Does 1-10 Inclusive,<br><br>Defendant(s). | Case No.: **'18CV0338 MMA BLM**<br><br>**COMPLAINT – CIVIL RIGHTS**<br><br>**SEX / PREGNANCY DISCRIMINATION – TERMS AND CONDITIONS AND DISCHARGE**<br><br>(42 U.S.C. §§ 2000e, et seq.)<br><br>**JURY TRIAL DEMAND** |

-1-

## NATURE OF THE ACTION

This is an employment discrimination action brought by Plaintiff United States Equal Employment Opportunity Commission ("EEOC" or the "Commission") under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, the Pregnancy Discrimination Act of 1978 ("PDA"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on sex (female, pregnancy) and to provide appropriate relief to Charging Party Elena Boni ("Boni"). As alleged with greater particularity herein, the Commission alleges that Defendant Maurizio Trattoria Italiana, LLC ("Defendant" or "Maurizio Trattoria") unlawfully subjected Elena Boni to discriminatory terms and conditions in employment and discharge her because of her pregnancy, a condition of her sex (female), childbirth, and/or related medical condition.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

2. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of California.

## PARTIES

4. The Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and the PDA. Plaintiff EEOC is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), the PDA, 42 U.S.C. § 2000e(k), and Section 102 of the Civil Rights Act of 1991, 42

U.S.C. § 1981a.

5. At all relevant times, Defendant has continuously been a limited liability company doing business within California and the jurisdiction of the United States District Court for the Southern District of California.

6. At all relevant times, Defendant has continuously employed fifteen (15) or more persons.

7. At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e-(1) (b), (g), and (h).

8. All acts and failures to act alleged herein were duly performed by and attributable to all Defendant(s), each acting as a successor, agent, employee, alter ego, owner, officer, member, manager, partner, indirect employer, joint employer, single employer, integrated enterprise, or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendant(s) complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

9. Plaintiff is ignorant of the true names and capacities of each Defendant sued as DOES 1 through 10, inclusively, and therefore Plaintiff sues said defendant(s) by fictitious names. Plaintiff reserves the right to amend the complaint to name each DOE defendant individually or collectively as they become known. Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

## STATEMENT OF CLAIMS

10. More than 30 days prior to the institution of this lawsuit, Charging Party Elena Boni filed a charge with the Commission alleging violations of Title VII by Defendant(s).

11. On September 12, 2017, after an investigation by the Commission, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant had violated Title VII and PDA and inviting Defendant to join with the Commission to endeavor to eliminate the discriminatory practices and provide appropriate relief through informal methods of conciliation.

12. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

13. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

14. On September 27, 2017, the Commission issued Defendant a Notice of Conciliation Failure.

15. All conditions precedent to the initiation of this lawsuit have been fulfilled.

16. Since at least 2015, Defendant has engaged in unlawful employment practices based on sex and pregnancy in violation of Sections 701(k) and 703(a)(1) of Title VII, 42 U.S.C. §§ 2000e(k) and 2000e-2(a)(1).

17. Defendant operates a restaurant serving Italian cuisine.

18. In 2013, Defendant hired Elena Boni to work as a server. From 2013 to early 2015, Boni worked as a server with no performance problems.

19. In early 2015, Elena Boni informed Defendant that she was pregnant.

20. After being informed of Elena Boni's pregnancy, Defendant discriminated against her by treating her differently because of her pregnancy,

childbirth, and/or related medical condition. Defendant's discriminatory animus was evidenced by its owners' comments, including that Elena Boni should stay home since she was pregnant, that her pregnancy had caused coverage problems, and that he would offer a position with less pay for more work so that she would not come back from her pregnancy leave. While Defendant's owner acknowledged that "[Elena Boni's] performance with customers was perfect," Defendant's discriminatory practices included but not limited to reducing her hours after she came back from medical leave due to pregnancy-related complications until she left on pregnancy leave, while male non-pregnant servers who worked for Defendant were given the same or more hours than her before she went on maternity leave. Defendant also refused to return Elena Boni to her server position after she took leave for the birth of her child. Instead, Defendant terminated Elena Boni's employment in the summer of 2015, while Defendant continued the employment of servers with less seniority with the restaurant or temporary status; and Defendant hired other non-pregnant employees after she gave birth.

21. The effect of the practices complained of, as described above, has been to deprive Elena Boni of equal employment opportunities and otherwise adversely affect her status as an employee, because of her pregnancy, a condition of her sex, female.

22. The unlawful employment practices complained of, as described above, were intentional and caused Elena Boni to suffer emotional distress.

23. The unlawful employment practices complained of, as described above, were done with malice or with reckless indifference to Elena Boni's federally protected rights.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them,

1 | from engaging in any employment practice in violation of Title VII, as amended.

2 |   B. Order Defendant to institute and carry out policies, practices, and programs to ensure that they would not engage in further unlawful employment practices in violation of Title VII, as amended.

  C. Order Defendant to make whole Elena Boni by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement or front pay.

  D. Order Defendant to make whole Elena Boni by providing compensation for past and future pecuniary losses, in amounts to be determined at trial including, but not limited to, out-of-pocket expenses suffered by her which resulted from the unlawful employment practices described above in amounts to be determined at trial.

  E. Order Defendant to make whole Elena Boni by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, in amounts to be determined at trial. The non-pecuniary losses include, but are not limited to, emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of enjoyment of life.

  F. Order Defendant to pay Elena Boni for its malicious and/or reckless conduct as described above, in amounts to be determined at trial.

  G. Award the Commission its costs of this action.

  H. Grant such further relief as the Court deems necessary and proper in the public interest.

//
//
//
//

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: February 12, 2018        Respectfully Submitted

JAMES LEE,
Acting General Counsel

GWENDOLYN YOUNG REAMS,
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, NE
Washington, DC 20507

By: _____
Anna Y. Park,
Regional Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION