UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MAURIZIO'S TRATTORIA ITALIANA, LLC AND DOES 1-10,<br><br>Defendant. | Case No.: 18cv338-MMA(BLM)<br><br>**ORDER REGARDING DEFENDANT'S FAILURE TO COMPLY WITH THE COURT'S AUGUST 9, 2019 ORDER- ECF NO. 27** |

On August 7, 2019, Defendant notified the Court that its counsel had passed away and requested a stay to allow it time to find and retain a new attorney. ECF No. 24. The Court granted Defendant's request, ordered Defendant to retain new counsel by September 5, 2019, and stayed the case until October 7, 2019. ECF No. 27. Defendant has failed to comply with the Court's order and has not obtained new counsel. See Docket.

Civil Local Rule 83.3(j) states that

> Only natural persons representing their individual interests in propria persona may appear in court without representation by an attorney permitted to practice pursuant to Civil Local Rule 83.3. All other parties, including corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3(j).

1

Because Defendant is not represented by counsel, Defendant will not be able to participate in discovery or any other aspect of litigation after the stay lifts. Securities and Exchange Commission v. SW Argyll Investments, LLC, 2012 WL 12885225, at *1 (S.D. Cal., June 11, 2012) ("[I]t is well established that a corporation, unincorporated association, partnership or other such entity may appear only through counsel.") (citing Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel," citing Osborn v. Bank of United States, 22 U.S. 738 (1824)).

Here, Plaintiff had noticed six depositions of Defendant's owner and employees for September 6, 13, and 27, 2019. ECF No. 23 at 2. Those depositions were stayed but they likely will be re-noticed as soon as the stay is lifted. If Defendant has not retained counsel, Defendant will not be able to participate in the discovery process or any other aspect of this litigation. If Defendant does not retain counsel and does not participate in the discovery process and litigation, Defendant's answer may be stricken and default judgment entered against it. See Osgood v. Main Streat Marketing, LLC, 2017 WL 3194460, at *2 (S.D. Cal., July 27, 2017) ("when a corporation fails to retain counsel to represent it in an action, its answer may be stricken and a default judgment entered against it") (citing Emp. Painters' Trust v. Ethan Enters., Inc., 480 F.3d 993, 998 (9th Cir. 2007)); see also United Pacific Energy Operations and Consulting, Inc. v. Gas and Oil Technologies, Inc., 2012 WL 12953446, at *3 (C.D. Cal., Mar. 30, 2012) ("If the corporation fails to appear through counsel within a reasonable time, the action may be dismissed or a default judgment entered."); Oracle America, Inc. v. Serv. Key, LLC, 2013 WL 1195620, at *2-3 (N.D. Cal. Mar. 22, 2013) (ordering that if substitute counsel is not found, the court will strike answer and direct entry of default, and then plaintiff may file a motion for default judgment).

Defendant was provided approximately sixty days to obtain new counsel and failed to do so. Despite this failure, the Court is providing Defendant with one last opportunity to obtain counsel. The Court continues the stay until **November 8, 2019**. Defendant is ordered to obtain new counsel and the new lawyer must file a Notice of Appearance on or before

**November 8, 2019**. If Defendant fails to comply with the Court's order for a second time, the stay will lift on November 8, 2019 and Plaintiff will be able to proceed forward with discovery and to seek any appropriate remedies. If Defendant is not represented by counsel, it will not be able to participate in discovery or litigation and if it fails to participate in discovery and litigation, its answer may be stricken and a default judgment may be entered against it.

**IT IS SO ORDERED**.

Dated: 10/7/2019

Hon. Barbara L. Major
United States Magistrate Judge