**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br>                                Plaintiff, <br><br> v. <br><br> MAURIZIO'S TRATTORIA ITALIANA, LLC, <br><br>                              Defendant. | Case No.  18-cv-338-MMA (BLM) <br><br> **CONSENT DECREE AND ORDER** <br><br> [Doc. No. 29] |

## I.  <u>INTRODUCTION</u>

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or the "Plaintiff"), and Defendant Maurizio Trattoria Italiana LLC ("Defendant" or "Maurizio Trattoria"), hereby stipulate and agree to entry of this Consent Decree to resolve the Commission's lawsuit against Defendant in *EEOC v. Maurizio Trattoria LLC*, Case No. 18-cv-338-MMA (BLM).

On February 13, 2018, the EEOC filed this action in the United States District Court, Southern District of California, for violations of Title VII, the Pregnancy Discrimination Act of 1978, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et. seq.* ("Title VII").  The Complaint alleges that Defendant unlawfully

discriminated against Charging Party Elena Boni because of her pregnancy, a condition of her sex (female), childbirth, and/or related medical condition.

## II. <u>PURPOSES AND SCOPE OF THE CONSENT DECREE</u>

A.     The Parties to this Consent Decree ("Decree") are the EEOC and Defendant Maurizio Trattoria.  The EEOC and Defendant are referred to collectively as the "Parties."  This Decree shall be binding on and enforceable against Defendant and its successors and assigns.  The Parties have entered into this Decree to resolve a disputed claim to avoid the expense, time, and uncertainty of further litigation.

B.     The Parties have agreed through this Decree that Defendant will provide monetary and injunctive relief.  The injunctive relief includes proactive measures cultivating a work environment free from discrimination and employment practices complying with federal laws, providing training for Defendant's managers and employees regarding sex, and specifically pregnancy discrimination, and utilizing effective mechanisms for handling pregnancy discrimination complaints.

## III. <u>RELEASE OF CLAIMS</u>

A.     This Decree fully and completely resolves all issues, claims, and allegations by the EEOC that have been raised or could have been raised in the Complaint filed in the above-captioned case as against all parties.

B.     Nothing in this Decree shall be construed to preclude any party from suing to enforce this Decree if any party hereto fails to perform the promises and representations contained herein.

C.     Nothing in this Decree shall be construed to limit or reduce any obligations to comply fully with Title VII or any other federal employment statute.

D.     This Decree in no way affects the EEOC's right to bring, process, investigate, or litigate other charges that may be in existence or may later arise against any party in accordance with standard EEOC procedures.  This Decree shall in no way hinder or affect an individual's right to file a charge with the EEOC or applicable state agency, participate in a federal or state investigation, or the EEOC's investigation and

2

determinations into such charges.

## IV. JURISDICTION

A. The Court has jurisdiction over the parties and the subject matter of this lawsuit. The Complaint asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree.

B. The terms and provisions of this Decree are fair, reasonable and just.

C. This Decree conforms to the Federal Rules of Civil Procedure and any other federal statute(s), and is not in derogation of the rights or privileges of any person.

D. The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of entering all orders, judgments, and decrees that may be necessary to implement the relief provided herein.

## V. EFFECTIVE DATE AND DURATION OF DECREE

A. The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court ("the Effective Date").

B. This Decree shall remain in effect for four and a half (4 ½) years after the Effective Date; or until Defendant satisfies the total monetary relief set forth in this Decree in Section VIII.A. The Decree is terminated upon the filing by the EEOC of a notice of satisfaction of monetary relief, but termination shall not be earlier than two years from the Effective Date.

## VI. MODIFICATION AND SEVERABILITY

A. This Decree constitutes the complete understanding of the parties with respect to the matters contained herein. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the parties.

B. If one or more provisions of the Decree are rendered unlawful or unenforceable, the parties shall make good faith efforts to agree upon appropriate amendments to this Decree to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect unless the purposes of the

Decree cannot, despite the parties' best efforts, be achieved.

C.     The Parties agree that this Decree may be amended or modified in the interests of justice and fairness to effectuate the provisions of this Decree.

## VII.   COMPLIANCE AND DISPUTE RESOLUTION

A.     The parties expressly agree that if the EEOC has reason to believe that Defendant has failed to comply with any provision of this Consent Decree, the EEOC may bring an action before this Court to enforce the Decree.  Prior to initiating such action, the EEOC will notify Defendant and its legal counsel of record, in writing, of the nature of the dispute.  This notice shall specify the provision(s) of the Consent Decree that the EEOC believes Defendant has breached along with the reason and basis of the alleged breach.  Absent a showing by either party that the delay will cause irreparable harm, Defendant shall have thirty (30) days to attempt to resolve or cure the breach; however, the parties can agree to extend this period upon mutual consent.

B.     The parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC notice.

C.     After thirty (30) days have passed with no resolution or agreement to extend the time further, the EEOC may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree for such period as Defendant is shown to be in breach of the Decree and the EEOC's costs and attorneys' fees incurred in securing compliance with the Decree.

D.     The only exception to the above procedure for compliance and dispute resolution is with respect to the Defendant's obligations to pay monetary relief as set forth in Section VIII.A.  Upon any breach of Section VIII.A., the EEOC may petition this Court for resolution of the breach, seeking all available relief, including EEOC's costs and attorneys' fees incurred in securing compliance with the Decree.

## VIII.   MONETARY AND CLAIMANT SPECIFIC RELIEF

### A.   Monetary Relief

1.     In settlement of this lawsuit, Defendant shall pay the sum of $18,800

4

("settlement amount") to Charging Party Elena Boni.

2. Within ten (10) days of the Effective Date, the EEOC is to provide to Defendant the current address of Elena Boni and/or information of her bank account to which monetary relief is to be sent.

3. Within thirty (30) days of the Effective Date, Defendant shall send a check, via first class certified mail or via bank / wire transfer, in the amount of $2,000 to Charging Party. Beginning sixty (60) days of the Effective Date, the remaining amount, $16,800, shall be sent to the Charging Party by Defendant in equal monthly payments of $350 for a period of forty-eight (48) months by checks, via first class certified mail or bank / wire transfer, by the 1st of each month.

4. Within three (3) business days of mailing the check to Charging Party, Defendant shall submit a copy of any checks, receipt of bank or wire transfer, and related correspondence to Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012.

5. In the event a payment is not made in accordance with the schedule set forth in Section VIII.A. of the Consent Decree, the EEOC will issue a notice of non-compliance with the Consent Decree's schedule of monetary payments in which the Defendant shall have fifteen (15) days to cure the nonpayment. If the Defendant fails to cure the breach within fifteen (15) days, then the remaining balance plus interest as of the Effective Date shall be accelerated and shall be paid in full within fifteen (15) days thereafter. This section is exempt from Section VII of the Decree on Compliance and Dispute Resolution. The EEOC will have the discretion to go into court to enforce the Decree without additional notice to enforce this acceleration clause.

6. As security for Defendant's obligations for monetary relief under the Consent Decree, Defendant had executed a security agreement against Defendant. A copy of the Security Agreement is attached as Exhibit A. Defendants' obligations under the Consent Decree for monetary relief are secured by all real and personal property owned by Defendant, including all inventory, goods, equipment, trade fixtures, leasehold

5

and leasehold improvements, furniture, vehicles, storage shed, air conditioning unit, freezer, refrigerator, computer equipment, contract rights, accounts, chattel paper, instruments, good-will, liquor license, general intangibles, and right to payment of every kind now owned or thereafter acquired by Defendant.  The EEOC may seek enforcement of its rights under the Security Agreement in this Court.

7.  The EEOC has the sole discretion to characterize the compensation as wage or non-wage compensation for emotional distress suffered.  Within ten days of the Effective Date, the EEOC is to inform Defendant of the characterization of the compensation to Ms. Boni.  Defendant shall not deduct from the settlement amount any amount for taxes for compensation designated as wages.  For all payments of the total settlement amount, Defendant, in the ordinary course, shall prepare and distribute any necessary tax forms, including Form 1099s, to Charging Party.  Defendant shall make any appropriate reports for the payment to the Internal Revenue Service and other tax authorities.  Defendant shall be solely responsible for any costs associated with the issuance and distribution of any tax forms.

8.  If Defendant fulfills its complete obligations of monetary relief as set forth in Section VIII.A., including full monetary relief to Elena Boni and sending to the EEOC documentation of full payment of monetary relief, before the end of the four-and-half year term of the Decree, the EEOC agrees to file a Notice of Satisfaction of Monetary Relief within ten (ten) business days of the receipt by the EEOC of the documentation of payment.

9.  Defendant shall pay up to $300 for a private attorney to consult with Elena Boni for one hour about a separate release of claims to which the EEOC is not a party.

**B.  Specific Relief for Elena Boni**

1.  Defendant shall delete from Elena Boni's personnel file or employment records of any negative warnings, discipline, or other negative references related to the incidents set forth in the Complaint during the time of her employment with

Defendant.

2.     If an inquiry is made into Elena Boni, the only information that shall be disclosed will be the dates of their employment, the position(s) held, and that her job performance was satisfactory.

## IX.     GENERAL INJUNCTIVE RELIEF

### A.     Non-Discrimination

Defendant, its managerial and supervisorial employees, its successors and assigns are enjoined from discriminating against its employees in violation of Title VII, including the Pregnancy Discrimination Act.

### B.     Non-Retaliation

Defendant, its managerial and supervisorial employees, its successors and assigns are enjoined from retaliating against any of its current or former employees or job applicants in violation of Title VII of the Pregnancy Discrimination Act, because he or she has in the past or during the term of this Decree:

1.     opposed any practice made unlawful under or asserted any rights protected by Title VII;

2.     filed a charge of discrimination alleging such practice;

3.     testified or participated in any manner in any investigation (including without limitation, any internal investigation undertaken by Defendant), proceeding about this case and/or relating to any claim of a Title VII violation;

4.     been identified as a possible witness or claimant in this action;

5.     asserted any rights under this Decree; or

6.     sought and/or received any relief in accordance with this Decree.

## X.     SPECIFIC INJUNCTIVE RELIEF

### A.     Policies and Procedures

#### 1.     Policy and Procedure against Discrimination

a.     Within sixty (60) days of the Effective Date, Defendant shall draft, review, and/or revise its policy and complaint procedures against discrimination /

7

harassment, including sex and pregnancy discrimination, and retaliation (the "Policy") consistent with federal laws, including Title VII and the Pregnancy Discrimination Act. The Policy shall include, at a minimum, a provision that employees can complain of sex and pregnancy discrimination / harassment and/or retaliation to any person in the chain of command above the employee; and/or to outside governmental agencies such as the EEOC.

b.      Within sixty (60) days of the Effective Date of this Decree, Defendant shall provide its Policy to EEOC.  For fifteen (15) days following receipt of the Policy the EEOC shall have the opportunity to comment on the Policy.  Defendant shall work in good faith to ensure that the Policy complies with applicable employment laws.  The inclusion of this paragraph in the Decree does not represent EEOC's or the Court's approval of Defendant's policy against discrimination and retaliation.

2.      **Distribution of Policy**

a.      Within fifteen (15) days of any comments made by the EEOC or within ninety (90) days of the Effective Date if no changes are made, whichever date is later, Defendant shall ensure that it has distributed the Policy to all employees, including management employees.

b.      Within thirty (30) days of the hire date of any person hired after the initial distribution but within the term of the Decree, Defendant shall ensure that it has distributed the Policy to that person.

c.      Within ninety (90) days from the Effective Date, Defendant shall submit to the EEOC a statement confirming the distribution of the Policy to all employees, including management employees.  On the annual anniversary date of the Effective Date of the Consent Decree for the remaining term of the Decree, Defendant shall submit to the EEOC a statement confirming the distribution of the Policy to any person hired after the initial distribution but within the term of the Decree.

3.      **Posting of Policy**

Within ninety (90) days of the Effective Date and throughout the duration of the Decree, Defendant shall ensure that it has physically posted the Policy in legible font in a location at Defendant where notices to employees and applicants for employment are normally posted. The Notice shall remain posted for the duration of the Consent Decree. Defendant shall take all reasonable steps to ensure that its posting is not altered, defaced, or covered by any other material.

Within ninety (90) days of the Effective Date, Defendant shall submit to the EEOC a statement confirming the posting of the Policy. Defendant shall annually affirm to the EEOC the Policy has been posted in the manner described above. Defendant shall permit a representative of the EEOC to enter its premises for purposes of verifying compliance with this Paragraph at any time during normal business hours.

### 4.  **Posting of Notice of Consent Decree and Settlement**

Within ninety (90) days of the Effective Date, and throughout the terms of this Decree, Defendant shall ensure that it has posted the Notice of Consent Decree and Settlement (attached to this Decree as Attachment B in a conspicuous place accessible to all employees working for Defendant. Defendant shall take all reasonable steps to ensure that its posting is not altered, defaced, or covered by any other material. Within ninety (90) days of the Effective Date, Defendant shall submit to the EEOC a statement confirming the posting of the Notice of Consent Decree and Settlement. Defendant shall permit a representative of EEOC to enter its premises for purposes of verifying compliance with this Paragraph at any time during normal business hours.

### B.  **Training**

### 1.  **Training of All Non-Managerial Employees**

Within one-hundred and twenty (120) days of the Effective Date of this Decree, Defendant shall provide live and interactive training, lasting at least one (1) hour in duration to all of Defendants' non-management employees.

The training shall cover: (a) anti-discrimination and anti-retaliation laws under Title VII and the Pregnancy Discrimination Act, (b) the supervisor/manager's obligations

and responsibilities under Title VII to its employees, including pregnant employees, (c) Defendants' policies and procedures regarding pregnancy-related issues, including the pregnant employee's right to work and to request accommodation, and (d) an employee's rights to employment upon return of a leave taken due to pregnancy, childbirth, and/or related medical condition.

If an employee is unable to attend the scheduled training, Defendants shall provide a separate video training within thirty (30) days of the training.

Once each year annually from the last training for the remaining term of the Decree, Defendant shall provide live or video training covering the same topics to its non-management employees.

## 2. <u>**Training of Ownership and Supervisory / Managerial Employees**</u>

Within one hundred and twenty (120) days of the Effective Date of this Decree, Defendant shall provide a live and interactive training to its owner(s), managers, and supervisors. The training shall be at least two (2) hours in duration.

This training for the owners, managers, and supervisors shall cover: (a) anti-discrimination and anti-retaliation laws under Title VII and the Pregnancy Discrimination Act, (b) the supervisor/manager's obligations and responsibilities under Title VII to its employees, including pregnant employees, (c) Defendants' policies and procedures regarding pregnancy-related issues, including the pregnant employee's right to work and to request accommodation, and (d) and an employee's rights to employment upon return of a leave taken due to pregnancy, childbirth, and/or related medical condition.

The training for the owners, managers, and supervisors also should include how to handle and investigate complaints of sex / pregnancy harassment and/or discrimination; when the employer can ask for medical documentation from a pregnant employee; whether the employer can change the work schedule / duties / positions of an employee due to her pregnancy, how to handle a request for accommodation by a pregnant employee, how to handle leave requests due to pregnancy, childbirth, and/or related

medical condition; and what are the employee's rights to continued employment upon leave due to pregnancy, childbirth, and/or related medical condition.

If the owner, manager, or supervisor is unable to attend the scheduled training, Defendant shall provide a separate video training within thirty (30) days of the scheduled training.

Once each year annually from the last training for the remaining term of the Decree, Defendant shall provide a live training covering the same topics to its owner(s), managers, and supervisors.

### 3. **EEO Trainer**

The EEO training described in Section X.B. shall be conducted by a third-party EEO trainer approved by the EEOC or by the EEOC through its customer specific training program. No later than thirty (30) days before the scheduled training, Defendant shall submit the name of the EEO trainer to the EEOC for approval or shall inform the EEOC that Defendant requests training by the EEOC through its customer specific training program. If the EEOC does not approve the proposed trainer submitted by Defendant, then the EEOC will provide Defendant with an EEO trainer to conduct the training within fifteen days of Defendant's submission of a trainer for approval. Defendant shall bear all costs to retain the trainer to conduct the training as set forth in this section.

### 4. **Notice, Approval and Verification of Training**

Defendant shall certify to EEOC in writing within five (5) business days after the training has occurred that the training has taken place and that the required personnel have attended. Such certification shall include: (i) the date, location, duration, and the type of training (live or video); and (ii) a copy of the registry of attendance, which shall include the name and position of each person in attendance. The certification also should include the written training materials used, a description of the training provided, and the identity or contact information of the trainer who conducted the training or who was responsible for the video for the training.

The EEOC shall have the right to attend the trainings described in the Decree. Thirty (30) days prior to any live, in-person training, Defendant shall provide written notice to EEOC including the time, location, name, and contact information of the trainer. The written notice shall be sent via U.S. Mail to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012.

The EEOC shall have five (5) business days from the date of receipt of the information described above to accept or reject the proposed trainer. In the event EEOC does not approve Defendant's designed trainer, the EEOC shall have five (5) business days to identify an alternate trainer which Defendant shall accept for the training.

Defendant shall also provide EEOC with all copies of pamphlets, brochures, outlines, or other written material(s) provided to the participants of the training session(s).

## C. **Record Keeping**

Defendant shall establish a record-keeping procedure that provides for the centralized tracking of discrimination complaints as well as the monitoring of such complaints, include the identities of the parties involved, the action taken in response to the complaint, and the nature of the complaint. The records to be maintained shall include all documents generated through the duration of the Decree in connection with any complaint, any investigation into any complaint, and any resolution of any complaint. Within ten (10) days of a request by the EEOC for records, Defendant shall produce such records to the EEOC.

## D. **Reporting**

### 1. **Initial Reports**

Defendants shall provide the following initial reports to the EEOC:

a. Within fifteen (15) days of the Effective Date of this Decree, Defendant shall provide to the EEOC the name and qualifications of an EEO Consultant, who shall consult with Defendant in the drafting, reviewing, and/or revising Defendant's

policy and procedure against discrimination and retaliation, in compliance with Section X.A.1.

      b.    Within sixty (60) days of the Effective Date of this Decree, Defendant shall provide to the EEOC its policy and complaint procedure against discrimination, including sex / pregnancy discrimination, and retaliation, in compliance with Section X.B.1.b.

      c.    Within ninety (90) days of the Effective Date, Defendant shall provide to the EEOC:

      1.    confirmation that Defendant has distributed its policy and complaint against discrimination and retaliation to all employees, including all supervisorial and managerial employees, in compliance with Section X.B.2.

      2.    confirmation that Defendant has posted its policy and complaint procedure against discrimination and retaliation in compliance with Section X.B.3.

      3.    confirmation that Defendant has posted Attachment B – Notice of Consent Decree and Settlement at a location accessible to all employees, in compliance with Section X.B.4.

      d.    Within one-hundred-and-twenty (120) days of the Effective Date, Defendant shall provide to the EEOC certification that the required training has been completed and attendance sheets signed by the attendees with their position / title for the required training to be provided to all employees, owners, managers, and supervisors, in compliance with Section X.B.  If Defendant uses a third-party trainer instead of a trainer from the EEOC, then Defendant shall produce to the EEOC the curriculum vitae and contact information of the trainer and training materials used and/or distributed to the attendee.

      2.    **<u>Annual Reports</u>**

No later than the annual anniversary date of the Effective Date of the Consent Decree and two months before the expiration of the Consent Decree, Defendant shall provide to the EEOC the following:

a. signed acknowledgment by any new employee, owner, manager, and supervisor confirming receipt of Defendant's policy against discrimination, including pregnancy discrimination, for all employees hired since the initial report to the EEOC;

b. the certification that the required trainings have been completed in compliance with Section X.B.; and attendance sheets signed by the attendees with their position / title. If Defendant uses a third-party trainer instead of a trainer from the EEOC, then Defendant shall produce to the EEOC the curriculum vitae and contact information of the trainer, training materials used and/or distributed to the attendee.

c. verification that the Notice of Consent Decree continue to be posted in a conspicuous place accessible to all employees;

d. a summary of any issues and/or complaint pertaining to the pregnancy of each employee, and Defendant's resolution of the issues or employee's complaints. The issues to be summarized include any request for accommodation by a pregnant employee, and any change to the employee's work schedule due to her pregnancy. The summary should include the date of the issue / complaint, the identity of the employee, the personal phone and address of the employee, a brief description of the issue or complaint, and Defendant's resolution of the issue or complaint;

e. the status of Defendants' compliance with all the terms of the Consent Decree; and

f. any revision of Defendant's policies and procedures regarding pregnancy-related discrimination and issues since the last report; and the production of all revisions;

In the event the EEOC requires additional documentation after reviewing a tracking summary as described in this section, Defendant shall produce all the underlying documents and communications relating to the issue relating to the employee's pregnancy within ten (10) days of the EEOC's request for such documents.

## XI.  COSTS OF ADMINISTRATION AND IMPLEMENTATION OF CONSENT DECREE

Defendant shall bear all costs associated with its administration and implementation of its obligations under this Decree, including but not limited to the distribution of the settlement money.

## XII.  COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

## XIII. MISCELLANEOUS PROVISIONS

A.  During the term of this Consent Decree, Defendant shall provide any potential successor-in-interest with a copy of this Consent Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendant's facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

B.  During the term of this Consent Decree, Defendant and its successors shall assure that each of their officers, managers, and supervisors is aware of any term(s) of this Decree which may be related to his/her job duties.

C.  Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple St., 4th Fl., Los Angeles, CA 90012.

D.  The parties agree to entry of this Decree and judgment subject to final approval by the Court.

/ / /

18-cv-338-MMA (BLM)

## <u>ORDER</u>

The Court hereby finds that compliance with all provisions of the foregoing Decree is fair and adequate.  The Court hereby retains jurisdiction for the term of the foregoing Consent Decree, and the provisions thereof are hereby approved.  Upon entry of the consent decree and order, the Clerk of Court is instructed to close the case.

**IT IS SO ORDERED**.

Dated: January 2, 2020

Hon. Michael M. Anello
United States District Judge

18-cv-338-MMA (BLM)

## SECURITY AGREEMENT

Plaintiff U.S. Equal Employment Opportunity Commission ("Plaintiff" or "EEOC") and Defendant Maurizio Trattoria Italiana LLC ("Defendant" or "Maurizio Trattoria") are Parties to the case, *U.S. Equal Employment Opportunity Commission v. Maurizio Trattoria Italiana LLC,* CASE No. 18-cv-338-MMA (BLM), filed in the Southern District of California ("action"). To resolve the matter, the Parties have agreed to a Consent Decree to which this Security Agreement is referenced and attached.

## SECURITY AGREEMENT FOR CONSENT DECREE'S MONETARY RELIEF

For valuable consideration as set forth in the Consent Decree, Defendant Maurizio Trattoria agreed that the monetary relief as stated in the Consent Decree in Section VIII is to be secured by the collateral as stated in this Security Agreement. For valuable consideration as set forth in the Consent Decree, Defendant Maurizio Trattoria agrees that Plaintiff EEOC shall have the rights stated in this Security Agreement with respect to the Collateral, in addition to all the other rights which Plaintiff EEOC has by law.

## DEFINITIONS

The following words shall have the following meanings when used in this Security Agreement.

1.   Consent Decree refers to the Consent Decree to be filed concurrently with this Security Agreement in connection with the action, *U.S. Equal Employment Opportunity Commission v. Maurizio Trattoria Italiana LLC,* CASE No. 18-cv-338-MMA (BLM), filed in the Southern District of California.

2.   Collateral means all real and personal property owned or will owned by Defendant during the term of the Consent Decree. The collateral as used in this Security Agreement includes but not limited to the following: all inventory, goods, equipment, trade fixtures, leasehold and leasehold improvements, furniture, vehicles, storage shed, air conditioning unit, freezer, refrigerator, computer equipment, contract rights, accounts, chattel paper instruments, goodwill, liquor license, general intangibles, and right to payment of every kind now owned or thereafter acquired by Defendant.

## DEFENDANT MAURZIO TRATTORIA OBLIGATIONS

Defendant Maurizio Trattoria further warrants and covenants to Plaintiff EEOC the following obligations:

1. Perfection of Security Interest – Defendant Maurizio Trattoria agrees to execute the Consent Decree to which this Security agreement is attached and agrees to take whatever other actions are requested by Plaintiff EEOC to perfect and continue Defendant Maurizio Trattoria's security interest in the Collateral. Upon request of Plaintiff EEOC, Defendant Maurizio Trattoria will deliver to Plaintiff EEOC any and all of the documents evidencing or constituting the Collateral. Defendant Maurizio Trattoria promptly will notify Plaintiff EEOC of any change in Defendant Maurizio Trattoria's name, including any change to the assumed business name of Defendant.

2. No Violation – The execution and delivery of this Security Agreement will not violate any law or agreement governing Defendant Maurizio Trattoria or to which Defendant is a party, and its certificate or articles of incorporation and bylaws do not prohibit any term or condition of this Agreement.

3. Removal of Collateral – Defendant Maurizio Trattoria shall keep the Collateral at Maurizio Trattoria Italiana at 505 S. Coast Highway 101, Encinitas, CA 92024 or at such other locations as are acceptable to Plaintiff EEOC. Except in the ordinary course of business, including the sales of inventory, Defendant Maurizio Trattoria shall not remove the Collateral from its existing location without the prior written consent of Plaintiff EEOC.

4. Maintenance and Inspection of Collateral – Defendant Maurizio Trattoria shall maintain the Collateral in good condition and repair. Defendant Maurizio Trattoria will not commit or permit damage to or destruction of the Collateral or any part of the Collateral. Plaintiff EEOC and its designated representatives and agents shall have the right at all reasonable times to inspect the Collateral upon written request to Defendant Maurizio Trattoria. Defendant Maurizio Trattoria shall immediately notify Plaintiff EEOC of all cases involving the repossession, loss or damage of the Collateral.

5. Taxes, Assessments, and Liens – Defendant Maurizio Trattoria will pay when due all taxes, assessments and liens upon the Collateral. Defendant Maurizio Trattoria may withhold any such payment or may elect to contest any lien if Defendant Maurizio Trattoria is in good faith conducting an appropriate proceeding to contest the obligation to pay and so long as Plaintiff EEOC's interest in the Collateral is not jeopardized.

6. Compliance with Governmental Requirements - Defendant Maurizio Trattoria shall comply promptly with all laws, ordinances and regulations of all governmental authorities applicable to the use of the Collateral. Defendant Maurizio Trattoria may contest in good faith any such law, ordinance or regulation and withhold compliance during any proceeding, including appropriate appeals, so long as EEOC's interest in the Collateral is not jeopardized.

7. Maintenance of Casualty Insurance - Defendant Maurizio Trattoria shall procure and maintain all risks insurance, including, without limitation, fire, theft and liability coverage with respect to the Collateral. Defendant Maurizio Trattoria, upon request of Plaintiff EEOC, will deliver to Plaintiff the policies or certificates of insurance regarding the Collateral. In connection with all policies covering assets in which Plaintiff EEOC holds or is offered a security interest, Defendant Maurizio Trattoria will provide Plaintiff with such loss payable or other endorsements as Plaintiff may require. If Defendant Maurizio Trattoria at any time fails to obtain or maintain any insurance as required under this Agreement, Plaintiff EEOC may (but shall not be obligated to) obtain reasonable insurance coverage to protect Plaintiff EEOC's security interest in the Collateral.

8. Application of Insurance Proceeds – Defendant Maurizio Trattoria shall promptly notify Plaintiff EEOC of any loss or damage to the Collateral. Plaintiff EEOC may make proof of loss if Defendant fails to do so within thirty (30) days of the casualty. So long as Defendant Maurizio Trattoria is not in default under this Security Agreement, all proceeds of any insurance on the Collateral shall retained by Defendant in the ordinary course of business. If Defendant Maurizio Trattoria decides to repair or replace the damaged or destroyed Collateral, Defendant shall provide Plaintiff EEOC with proof of such expenditure together with all documents for Plaintiff EEOC to obtain a perfected security interest in the Collateral which has been repaired or replaced.

9. Expenditures by Plaintiff EEOC – If not discharged or paid when due, Plaintiff EEOC may (but shall not be obligated to) discharge or pay any amounts required to be discharged or paid by Defendant under this Agreement, including, without limitation, all taxes, liens, security interests, encumbrances, and other claims, at any time levied or placed on the Collateral. Plaintiff EEOC also may (but shall not be obligated to) pay all costs for insuring, maintaining and preserving the Collateral. All such expenditures incurred or paid by Plaintiff EEOC for such purposes will then bear interest at the rate charged by the Federal Reserve from the date incurred or paid by Plaintiff EEOC to the date of repayment by Defendant Maurizio Trattoria. All such expenses shall become a part of the Indebtedness and, at Plaintiff EEOC's option, will (a) be added to the balance of the Monetary Relief of the Consent Decree and be apportioned among and be payable with any installment payments to become due during either the remaining term for the

monetary relief of the Consent Decree, or (b) be treated as a balloon payment which will be due and payable at the end of the term for the monetary relief of the Consent Decree.

This Agreement also will secure payment of these amounts. Such right shall be in addition to all other rights and remedies to which Plaintiff EEOC may be entitled upon the occurrence of an Event of Default.

## EVENTS OF DEFAUT

Each of the following shall constitute an Event of Default under this Agreement:

a. Default on Monetary Relief under the Consent Decree – Failure of Defendant Mauricio Trattoria to make any payment when due as set forth in the Monetary Relief provision of the Consent Decree.

b. Other Defaults – Failure of Defendant Maurizio Trattoria to comply with or to perform any other term, obligation, covenant or condition contained in this Agreement.

## RIGHTS AND REMEDIES ON DEFAULT

If an Event of Default occurs under the term of the Consent Decree, Plaintiff EEOC shall have all the rights of a secured party under the law. Plaintiff EEOC may exercise any one or more of the following rights and remedies:

a. Assemble Collateral – Plaintiff EEOC may require Defendant Maurizio Trattoria to assemble the Collateral and make it available to Plaintiff EEOC at Defendant's place of business.

b. Sell the Collateral - Plaintiff EEOC shall have full power to sell, lease, transfer, or otherwise deal with the Collateral. Plaintiff EEOC may sell the Collateral at public auction or private sale. Plaintiff EEOC will give Defendant Maurizio Trattoria reasonable notice of the date, time and place which any private sale or any other intended disposition of the Collateral is to be made. The requirements of reasonable notice shall be met if such notice is given at least fifteen (15) days, or such lesser time as required by state law, before the time of the sale or disposition. All reasonable expenses relating to the disposition of the Collateral, including, without limitation, the expenses of retaking, holding, insuring, preparing for sale and selling the Collateral, shall become a part of the Indebtedness secured by this Agreement and shall be payable on demand, with interest at the Note rate from date of expenditure until repaid.

c.   Other Rights and Remedies – Plaintiff EEOC shall have all the rights and remedies of a secured party that it may have available at law, in equity, or otherwise.

d.   Cumulative Remedies - All of Plaintiff EEOC's rights and remedies, whether evidenced by this Agreement or the Related Documents or by any other writing, shall be cumulative and may be exercised singularly or concurrently. Election by Plaintiff EEOC to pursue any remedy shall not exclude pursuit of any other remedy, and an election to make expenditures or to take action to perform an obligation of Defendant Maurizio Trattoria under this Agreement, after Defendant Maurizio Trattoria's failure to perform, shall not affect Plaintiff EEOC 's right to declare a default and to exercise its remedies.

## MISCELLANEOUS PROVISIONS

The following miscellaneous provisions are a part of this Agreement:

a.   Amendments - This Agreement constitutes the entire understanding and agreement of the parties as to the matters set forth in this Agreement. No alteration of or amendment to this Agreement shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment.

b.   Applicable Law – This Security Agreement is executed in connection with the above-entitled action filed in the U.S. District Court in the Southern District of California, which has jurisdiction over this case. This Agreement shall be governed by and construed in accordance with the laws of the State of California.

c.   Costs and Attorney Fees – Defendant Maurizio Trattoria agrees to pay upon demand Plaintiff EEOC's reasonable costs and expenses, including reasonable attorney fees incurred in connection with the enforcement of this Agreement.

d.   Caption Headings. Caption headings in this Agreement are for convenience purposes only and are not to be used to interpret or define the provisions of this Agreement.

e.   Severability - All notices required to be given under this Agreement shall be given in writing and shall be effective when actually delivered or when deposited in the United States mail, first class, postage prepaid, addressed to the party to whom the notice is to be given at the address shown above. Any party may change its address for notices under this Agreement by giving formal written

notice to the other parties, specifying that the purpose of the notice is to change the party's address.

f.  Successor Interests - Subject to the limitations as set forth above on transfer of the Collateral, this Agreement shall be binding upon and inure to the benefit of the parties, their successors and assigns.

g.  Waiver – Plaintiff EEOC shall not be deemed to have waived any rights under this Agreement unless such waiver is given in writing and signed by Plaintiff EEOC. No delay or omission on the part of Plaintiff EEOC in exercising any right shall operate as a waiver of such right or any other right. A waiver by Plaintiff EEOC of a provision of this Agreement shall not prejudice or constitute a waiver of Plaintiff EEOC's right otherwise to demand strict compliance with that provision or any other provision of this Agreement. Any prior waiver by Plaintiff EEOC in any instance shall not constitute continuing consent to subsequent instances where such consent is required and in all cases such consent may be granted or withheld in the sole discretion of Plaintiff EEOC.

**DEFENDANT MAURIZIO TRATTORIA ACKNOWLEDGES HAVING READ ALL OF THIS SECURITY AGREEMENT, AND DEFENDANT MAURIZIO TRATTORIA AGREES TO BE BOUND BY ITS TERMS.**

Date: December 9, 2019        By: _____

MAURIZIO CARBONE
Owner and Manager for Defendant
MAURIZIO TRATTORIA
ITALIANA LLC



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Los Angeles District Office

255 E. Temple Street, 4th Floor
Los Angeles, CA 90012
(213) 894-1077
TTY (213) 894-1121
FAX (213) 894-1118

## Attachment B
## NOTICE OF CONSENT DECREE

This Notice is being posted pursuant to a Consent Decree entered by the Federal Court in the case of *U.S. Equal Employment Opportunity Commission v. Maurizio Trattoria Italiana LLC,* Civil Case No. 3:18-cv-338 MMA-BLM (S.D. Cal.), settling a lawsuit filed by the United States Equal Employment Opportunity Commission ("EEOC").

The EEOC is a government agency that enforces federal anti-discrimination laws in the workplace. In February 2018, the EEOC filed a lawsuit in the United States District Court in the Southern District of California against Defendant Maurizio Trattoria Italiana LLC, alleging that it discriminated against the charging party because of her pregnancy, childbirth, and/or related medical condition.

Thereafter, Defendant Maurizio Trattoria Italiana settled the case by entering into a "Consent Decree" with the EEOC, which included monetary relief. Pursuant to the Consent Decree, Defendant agreed to draft, review and/or revise its equal employment policies and practices, provide annual anti-discrimination / retaliation training for employees and managers, post a notice of settlement, and undertake record-keeping and reporting to the EEOC, among other things.

Federal anti-discrimination law prohibits harassment or discrimination against any employee or applicant for employment because of a person's age, disability, race, sex, pregnancy, color, religion or national origin. Federal law also prohibits retaliation against any employee who complains about discrimination, files a charge of discrimination, or participates, gives testimony, or assists in any investigation regarding discrimination.

If you believe that you have been harassed, discriminated against because of your sex, pregnancy, national origin, age, race, color, religion, or disability, or retaliated against, you may seek assistance from:

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Diego Local Office
555 W Beech Street, Suite 504
San Diego, CA 92101
619-557-7235